IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA M. STOCKTON                                                    PLAINTIFF
ADC #169885

V.                          Case No. 4:25-CV-00237-KGB-BBM

THOMAS NATHAN DANIEL,
Doctor/Provider, Wellpath LLC,
Wrightsville Unit                                                    DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.    INTRODUCTION

On March 13, 2025, Plaintiff Joshua M. Stockton ("Stockton"), an inmate in the Wrightsville Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that a Wrightsville Unit medical-care provider, Defendant Thomas Nathan Daniel ("Dr. Daniel"), violated his constitutional rights. (Doc. 2). The Court found that Stockton is a "three-striker," and Stockton did not

allege facts sufficient to satisfy the imminent-danger exception to the three-strikes rule. (Doc. 3 at 3) (citing 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Accordingly, by Order dated March 19, 2025, Stockton's Motion to Proceed *In Forma Pauperis*, (Doc. 1), was denied, and Stockton was directed to pay, within thirty days of the Order, the $405 filing and administrative fees in full if he wished to proceed with this action. (Doc. 3 at 3).

To date, Stockton has not paid the filing and administrative fees, and the time to do so has passed. Thus, for the following reasons, the Court recommends that Stockton's Complaint, (Doc. 2), be dismissed without prejudice.

## II.    DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), prisoners may not proceed *in forma pauperis* if, on three or more prior occasions while they were detained, they had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Before initiating this § 1983 action on March 13, 2025, Stockton had at least three cases dismissed for failure to state a claim. *See Stockton v. Culclager*, No. 4:23-CV-00503-BRW (E.D. Ark. Aug. 8, 2023); *Stockton v. Page*, No. 4:23-CV-00582-JM (E.D. Ark. July 12, 2023); *Stockton v. Cannon*, No. 4:23-CV-00682-BRW (E.D. Ark. October 24, 2023).  In other words, Stockton has at least three "strikes" under the PLRA.

Because Stockton is a "three-striker," he can proceed *in forma pauperis* only if he was in imminent danger of serious physical injury at the time he filed his Complaint. *See* 28 U.S.C. § 1915(g); *Ashley*, 147 F.3d at 717. To meet this standard, Stockton must make "specific fact allegations of [an] ongoing serious physical injury, or of a pattern of

misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In his Complaint, Stockton alleges that Dr. Daniel made "callous comments" and opined that gel insoles were not medically necessary to treat Stockton's plantar fasciitis. (Doc. 2 at 4–13). Stockton claims that Dr. Daniel's actions constituted First Amendment retaliation, forgery, fraud, and inadequate medical care under the Eighth Amendment. *Id.* at 4–9, 12–13. Stockton also claims that Dr. Daniel defamed his character. *Id.* at 9–10.

While Stockton's plantar fasciitis may be painful, Stockton does not plausibly allege that the lack of gel inserts is likely to cause *serious* physical injury. Accordingly, Stockton is not entitled to proceed *in forma pauperis*. And, because Stockton failed to pay the $405 filing fee as directed by the Court's March 19, 2025 Order, it is recommended that Stockton's Complaint be dismissed without prejudice for failure to prosecute. LOCAL RULE 5.5(c); FED. R. CIV. P. 41(b).

## III.    CONCLUSION

The Court previously determined that, as a three-striker, Stockton failed to show he was entitled to proceed *in forma pauperis* and was required to pay the $405 filing and administrative fees. Stockton failed to pay the fees as directed, and the time to do so has passed.

IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's Complaint, (Doc. 2), be DISMISSED without prejudice.

2.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any *in forma pauperis* appeal would not be taken in good faith.

DATED this 30th day of April, 2025.

_____
UNITED STATES MAGISTRATE JUDGE